[No. 3167.   June 17, 1926.]

DAVY v. DAY et al.

[247 Pac. 842.]

SYLLABUS BY THE COURT

An irrigation district, organized under chapter 41, Laws 1919, may issue its bonds and make them payable outside the state.

Appeal from District Court Valencia County; Helmick, Judge.

Suit by Thomas Davy against T. C. Day and others, constituting the Board of Directors of the Bluewater-Toltec Irrigation District, and as individuals, for an injunction. From a judgment sustaining a demurrer to the complaint, plaintiff appeals. Affirmed and cause remanded.

Downer & Keleher, of Albuquerque, for appellant.

Reid, Hervey & Iden, of Albuquerque, for appellees.

OPINION OF THE COURT

PARKER, C. J.   An action was brought by the appellant to restrain the issuance of a series of bonds by the Bluewater-Toltec irrigation district, which bonds are proposed to be made payable at the office of the county treasurer of Valencia county, or in New York City, at the option of the purchaser of said bonds. A demurrer was interposed to the complaint and was sustained by the district court. In deciding the demurrer, and dismissing the complaint, the court announced two propositions: (1) That the proceeds of the sale of bonds issued under the provisions of chap-

---

[1]   40Cyc p. 822 n. 29.

ter 41, Laws 1919, as these bonds were, are not public moneys within the meaning of section 4 of article 8 of the state Constitution; and (2) that the provisions of section 15, chapter 41, Laws 1919, authorizing the principal and interest of bonds issued under the act to be made payable, either at the county treasurer's office of the county in which the organization of the irrigation district was effected or at such other place as the board of directors may designate, is not in conflict with section 4 of article 8 of the Constitution, and that the board of directors of the Bluewater-Toltec irrigation district may, under said statute, provide for the payment of principal and interest of such bonds, either at the office of such county treasurer, or at any other place within or without the state, at the option of the purchaser of such bonds. The case is here on appeal.

It will be unnecessary to discuss the first proposition, in view of our conclusion upon the second proposition above set forth. The whole argument of appellant is based upon the provisions of section 4 of article 8 of the Constitution, which is as follows:

"All public moneys not invested in interest-bearing securities shall be deposited in national banks in this state or in banks or trust companies incorporated under the laws of the state, and interest derived therefrom shall be applied in the manner prescribed by law."

The argument is made that, in order to pay a bond, made payable at any place, it will be necessary to deposit public moneys at such place to effectuate that result. Therefore, it is argued, in order to pay a bond made payable at some bank in New York, for instance, it would be necessary to deposit the public funds with such bank for such purpose. This is clearly a misconception of the sense in which the word "deposited" is used in the constitutional provision above quoted. The provision is one for the safe-keeping of the public funds while the same are not being used for the public purposes. It is not designed nor intended to hamper or prevent the doing of the business of this

state according to the methods employed throughout the business world. To so hold would be to invalidate most, if not all, of the outstanding bonds of the state and its municipalities, which is a consequence not to be contemplated. The constitutional provision simply means that the public funds, when not so used, shall be deposited for safe-keeping in the institutions named in the provision; but, when they are required to meet the public obligations, they may be expended in a business way, and according to business methods and practices. Counsel cites and relies upon Los Angeles v. Teed, 112 Cal. 319, 44 P. 580. The case is in point and sustains the contentions of appellant. While we have uniform respect for the decisions of California, we are compelled to decline to follow this one as unsuitable to our situation and the policy of our laws.

It follows, from all of the foregoing, that the judgment of the court below was correct, and should be affirmed, and the cause remanded, and it is so ordered.

BICKLEY and WATSON, JJ., concur.